Grace De Vinne Goldsmith v. Commissioner.
De Vinne Goldsmith v. Commissioner
Docket No. 7848.
United States Tax Court
1946 Tax Ct. Memo LEXIS 175; 5 T.C.M. (CCH) 442; T.C.M. (RIA) 46128; May 29, 1946
*175 Petitioner's principal source of income was from mortgages secured by real estate located in New York City. In order to protect her investments it was necessary from time to time to take over some of the properties upon which she held mortgages, either by foreclosure or by deed in lieu of foreclosure. In 1935 she purchased a parcel of real estate with improvements thereon at foreclosure to protect her mortgage. After acquiring the property she kept it rented to tenants procured by real estate agents who were acting for her. The property yielded her a small net revenue after the deduction of all expenses including depreciation on the improvements. In 1941 she sold the property at a loss. Held, the property was used in the trade or business of petitioner and was of a character which is subject to the allowance for depreciation provided in section 23 (1) and was not a "capital asset" as that term is defined by section 117 (a) (1), I.R.C. and petitioner's loss in so far as it is attributable to the sale of the improvements is an ordinary loss and deductible as such. John D. Fackler, 45 B.T.A. 708, affirmed 133 Fed. (2d) 509, followed. *176 Alexander Halpern, Esq., for the petitioner. Fred R. Tansill, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioner's income tax of $1,117.72 for the year 1941. The deficiency is due to two adjustments in petitioner's income as reported on her return for the year 1941. The only one of these adjustments which is contested is "(b) Adjustment re sale of real estate $366.04." This adjustment is explained in the deficiency notice as follows: (b) It is held that the loss from the sale of property located at 1452 Bryant Avenue, Bronx, New York City, resulted from the sale of a capital asset within the definition and limitations of Section 117 of the Internal Revenue Code. The details are as follows: Net sales price
$14,107.75
Net cost - Land and Building
21,476.45
Loss
($7,368.70)
Limited to 50%
($3,684.35)
Amounts reported
Gain on land
$ 732.07
Loss on building ($8,100.77)
at 50%
(4,050.38)
Net loss claimed
(3,318.31)
(3,318.31)
Adjustment
$ 366.04
*177 Petitioner assigns as error the determination of the Commissioner that the loss from the sale of premises at 1452 Bryant Avenue in the Borough of Bronx was a capital loss and limited by the provisions of section 117 I.R.C.
Findings of Fact The petitioner resides in the City of New York. She filed her income tax return for the period here involved with the Collector for the Third District of New York. The taxpayer's principal source of income was from mortgages secured by real estate. In order to protect her investments it was necessary from time to time to take over some of the properties upon which she held mortgages, either by foreclosure or by deed in lieu of foreclosure. On August 22, 1935, petitioner obtained title to a certain improved property at 1452 Bryant Avenue, Bronx, after foreclosing on a mortgage which was an encumbrance on this property. The improvements on this property consisted of a three-story and basement building. It had been originally constructed as residential property but the basement had been converted into stores. From year to year after petitioner purchased the property it was rented out to tenants by petitioner and it brought *178 in some revenue after all expenses were deducted. This property was held by the petitioner until 1941 with instructions to her agent to "dispose of the properties as soon as a reasonable market or a reasonable offer was presented." On April 29, 1941, the Bryant Avenue premises were sold by the petitioner with a resulting loss, the amount of which is not in dispute. Petitioner reported this transaction on her return filed for the taxable year ended December 31, 1941. On the return a long-term capital loss of $4,050.38 was reported as to that part of the sale price allocable to improvements; on the aliquot part referable to the land an ordinary gain of $732.07 was reported. In determining petitioner's tax liability under this return the Commissioner made certain adjustments among which is the one which we have given in detail in our preliminary statement. Opinion BLACK, Judge: There is but one issue to be decided in this proceeding and that is whether a loss sustained by petitioner in 1941 from the sale of some property which she acquired at foreclosure sale in 1935 was a capital loss as the Commissioner has determined or was an ordinary loss deductible in full as the petitioner *179 now contends. The applicable statute is printed in the margin. [1]
Petitioner, in her income tax return, treated the loss from the sale of this property so far *180 as the building was concerned as a long-term capital loss within the meaning of the statute and only took into account 50 percent of her claimed loss in the computation of her income tax liability for the year 1941. She now claims that this was error and that the Commissioner erred in treating the loss as a capital loss in his determination of the deficiency. Petitioner contends that the building on the property in question was "property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (1)" within the meaning of section 117 (a) (1) printed in the margin. We think petitioner must be sustained in this contention. Petitioner acquired this property at 1452 Bryant Avenue in 1935. She acquired it at foreclosure sale to protect a first mortgage loan which she held against the property. From the time she acquired it in 1935 until it was sold in 1941, petitioner kept the property rented to tenants through real estate agents who were acting for her. It brought in a small revenue to petitioner each year after the deduction of taxes, repairs, depreciation and other expenses. For example, in 1941 up to the time of sale in *181 April of that year she collected $775.50 rentals from the property and after the deduction of $130 depreciation on her income tax return and $292.30 of other expenses, reported $353.20 net income from the property. The Commissioner in his determination of the deficiency has not made any change in this Schedule B of petitioner's income tax return and has allowed the $130 depreciation on the property which petitioner claimed as depreciation accruing during the time she owned it in 1941. It seems clear from the evidence in the record that although petitioner was not engaged extensively in the business of renting out property to tenants, she was in that business in so far as the 1452 Bryant Avenue property was concerned and the improvements on said property were "subject to the allowance for depreciation provided in section 23 (1)" as provided in section 117. That being true, it seems clear that the improvements on such property were not capital assets within the meaning of section 117 (a) (1) and that petitioner's loss from the sale of these improvements was an ordinary loss as petitioner contends and not a capital loss limited to the percentages provided in section 117 I.R.C. *182 See John D. Fackler, 45 B.T.A. 708, affirmed 133 Fed. (2d) 509; N. Stuart Campbell, 5 T.C. 272; A. L. Carter [Lumber] Co. v. Commissioner, 143 Fed. (2d) 296. Decision will be entered under Rule 50. Footnotes
1. Internal Revenue Code. SEC. 117. CAPITAL GAINS AND LOSSES. (a) Definitions. - As used in this chapter. - (1) Capital Assets. - The term "capital assets" means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business, or property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23(1), or an obligation of the United States or any of its possessions, or of a State or Territory, or any political subdivision thereof, or of the District of Columbia, issued on or after March 1, 1941, on a discount basis and payable without interest at a fixed maturity date not exceeding one year from the date of issue.↩